UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | Criminal No. 07-14-GFVT-CJS-3 |
| | ) | and |
| v. | ) | Civil No. 21-17-GFVT-CJS |
| | ) | |
| JASON FOWLER | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jason Fowler, *pro se*, has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (R. 197; R. 199). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). After conducting a preliminary review of the § 2255 Motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the U.S. District Courts, it will be recommended that Fowler's § 2255 Motion **be denied** as untimely.[1]

**I.   PROCEDURAL BACKGROUND**

In 2007 Fowler was indicted on several counts relating to his assault on a fellow inmate at the United States Penitentiary, Big Sandy. (R. 1, Page ID 4-5). The case ultimately went to trial, and a jury convicted Fowler of aggravated assault, in violation of 18 U.S.C. § 113(a)(6), and possession of a prohibited object (a weapon) by a federal prisoner, in violation of 18 U.S.C.

---

[1] "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition" as long as the court "accord[s] the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). *Day* extends to § 2255 cases and thus applies here. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). This Report and Recommendation provides notice that Fowler's grounds for relief are time-barred. The period for filing objections (specified at the end of this Report and Recommendation) gives Fowler the opportunity to present his position on the issue.

§ 1791(a)(2). (R. 156, Page ID 491). Judgment was entered against Fowler on May 6, 2008; he was sentenced to a total term of 120 months in prison, to be served consecutively to any previous state or federal sentenced imposed. (*Id.* at Page ID 492). Fowler appealed; however, the Sixth Circuit Court of Appeals affirmed on February 3, 2010. (*See* R. 185).

On February 7, 2021 Fowler filed a motion "seeking [] plain error review of the application of U.S.S.G. §[] 4B1.1 'Career Criminal' enhancement. Therein, Fowler argued that two recent Sixth Circuit cases, *United States v. Alston*, 976 F.3d 727 (6th Cir. 2020), and *United States v. Vasquez Cavazos*, 950 F.3d 329 (6th Cir. 2020), instruct that he was improperly sentenced as a career offender.[2] (R. 197). Magistrate Judge Edward Atkins construed Fowler's motion seeking plain error review as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody and directed the Clerk to mail Fowler an AO Form 243, the required form to file a § 2255 motion. (R. 198). Fowler has since filed the completed AO Form 243 (R. 199), raising the following single ground for relief:

> Fowler's sentence was enhanced due to his designation as a "Career Criminal" upon the application of §4B1.1 of the sentencing guidelines. Using his prior conviction of "Conspiracy to Distribute", he was designated as a "Career Criminal.["] The crime of "Conspiracy to Distribute" fails to qualify as a predicate act for the application of §4B1.2. Fowler should be resentenced without the "Career Criminal" designation and under the correct guidelines.

(R. 199, Page ID 1607). In support of this ground, he continues to rely on *Alston* and *Vasquez Cavazos*. (*Id.* at Page ID 1616-17).

**II.    ANALYSIS**

A federal prisoner has one year from the latest of one of four occurrences to file a § 2255 motion. 28 U.S.C. § 2255(f)(1)-(4). The only occurrence plausibly implicated here is "the date

---

[2] While Fowler uses the term "career criminal," the proper designation of a defendant enhanced under USSG § 4B1.1 is "career offender."

2

on which the judgment of conviction [became] final." § 2255(f)(1). Fowler's Judgment of Conviction was entered on May 6, 2008. He thereafter appealed his case to the Sixth Circuit, which affirmed on February 3, 2010. In this circumstance, his Judgment of Conviction became final "when the time for filing a certiorari petition [with the United States Supreme Court] expire[d]." *Clay v. United States*, 537 U.S. 522, 527 (2003). Under Supreme Court Rule 13(1), Fowler had 90 days after the February 3, 2010, denial of his appeal by the Sixth Circuit, or until May 4, 2010, to file his certiorari petition. *See id.* at 525. Because he did not file any such petition, his Judgment of Conviction became final in May 2010 and the one-year limitations period for him to file his § 2255 Motion thus expired in May 2011. Because Fowler did not file his § 2255 Motion until February 2021, his § 2255 Motion was filed nearly ten years too late, making his single ground for relief time barred.[3]

Apparently realizing that his § 2255 Motion is time barred under § 2255(f)(1), Fowler argues that his § 2255 Motion is timely based on the Sixth Circuit's rulings in *Alston* and *Vasquez Cavazos*. This appears to be an attempt by Fowler to argue that under § 2255(f)(3) the limitations period should run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But the problem with such an argument is obvious—to invoke § 2255(f)(3) a defendant must rely on a case decided *by the Supreme Court.* Here, Fowler impermissibly offers only Sixth Circuit case law. *See Hueso v. Barnhart*, 948 F.3d 324, 335 (6th Cir.), *cert. denied*, 141 S. Ct. 872 (2020). ("So a circuit change in interpretation

---

[3] Pursuant to Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court will leniently consider Fowler's § 2255 Motion as having been filed on the date that he signed it, February 7, 2021, although Fowler has provided neither "a declaration in compliance with 28 U.S.C. § 1746 or [] a notarized statement" as to the date that he deposited his § 2255 Motion in the prison mail system.

(unlike a Supreme Court change) does not trigger the delayed start date for initial § 2255 motions. Rather, § 2255(f) treats § 2255 motions as untimely when they are based on circuit cases that arise one year after a final judgment (the default start date for the limitations period)." Accordingly, Fowler's § 2255 Motion should be denied as untimely filed.

**III.    REQUEST TO APPOINT COUNSEL**

If the Court, as recommended herein, is inclined to deny Fowler relief based upon *United States v. Alston,* 976 F.3d 727 (6th Cir. 2020), and *United States v. Vasquez Cavazos,* 950 F.3d 329 (6th Cir. 2020), Fowler requests in the alternative that "the Court appoint [him] counsel to further develop [his] legal arguments fairly." (R. 199-1). Counsel is appointed to represent a defendant in post-conviction collateral proceedings only in limited circumstances. The Criminal Justice Act governs appointment of counsel in the context of § 2255 proceedings. Section 3006A(a)(2)(B) states, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section ... 2255 of title 28." *See* 18 U.S.C. § 3006A(a)(2)(B). As indicated by the permissive language of the statute, no constitutional right to counsel exists in a post-conviction collateral proceeding. *See Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). Here, Fowler has not shown that it would be in the interests of justice to appoint him counsel. As explained above, his § 2255 Motion is time barred and the recent Sixth Circuit cases he relies upon do not provide him with a new one-year window of opportunity to challenge his sentence under § 2255(f)(3). Appointing counsel does not change this legal analysis, nor is it appropriate or in the interests of justice to appoint Fowler counsel to scour his record generally to see if any other arguments can be made.

IV.     **CERTIFICATE OF APPEALABILITY**

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to § 2255 motions). Where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

In this case, reasonable jurists would not debate the denial of Fowler's § 2255 Motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Accordingly, it also will be recommended that a certificate of appealability be denied upon the entry of a final order in this matter.

V.      **CONCLUSION AND RECOMMENDATIONS**

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that:

1)      Fowler's § 2255 Motion (R. 197; R. 199), including his request in the alternative for counsel to be appointed (R. 199-1), **be denied**;

5

      2)      a Certificate of Appealability **be denied** in conjunction with the entry of a final order denying Fowler's § 2255 Motion; and

      3)      a Judgment in favor of the United States **be entered** in Fowler's ancillary action dismissing and striking the ancillary action from the active docket of the Court.

The Court directs Fowler to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, Fowler may serve and file specific written objections to any or all findings or recommendations for determination, *de novo,* by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 10th day of May, 2021.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 prelim review\07-14-GFVT-3 Fowler 2255 RR final.docx