UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff/Respondent, | ) | Criminal No. 7:07-cr-00014-GFVT-CJS-3 |
| | ) | Civil No. 7:21-cv-00017-GFVT-CJS |
| v. | ) | |
| JASON FOWLER, | ) | **ORDER** |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Candace J. Smith. [R. 201.] Defendant Jason Fowler filed a Motion Seeking Plain Error Review of the Application of the U.S.S.G. §4B1.1 "Career Criminal" Enhancement and a Motion to Vacate pursuant to 28 U.S.C. § 2255. [R. 197; R. 199.] For the reasons that follow, the Court will DENY Mr. Fowler's motions and ADOPT Judge Smith's recommendation in its entirety.

**I**

In 2007, Mr. Fowler was indicted on several counts following an assault on a fellow inmate at USP Big Sandy. [R. 1 at 4–5.] On April 30, 2008, Mr. Fowler was sentenced to 120 months of imprisonment and three years of supervised release, to run consecutively with any other previous state or federal sentence, after being found guilty of aggravated assault in violation of 18 U.S.C. § 113(a)(6) and possession of a prohibited object (weapon) by a federal prisoner in violation of 18 U.S.C. § 1791(a)(2). [R. 156.] Mr. Fowler appealed the decision to the Sixth Circuit, which affirmed his sentence on February 3, 2010. [R. 185.]

On February 7, 2021, Mr. Fowler filed a Motion Seeking Plain Error Review of the Application of the U.S.S.G. §4B1.1 "Career Criminal" Enhancement to his sentence. [R. 197.] Mr. Fowler argued that two recent Sixth Circuit decisions, *United States v. Alston*, 976 F.3d 727 (6th Cir. 2020), and *United States v. Vasquez Cavazos*, 950 F.3d 329 (6th Cir. 2020), demonstrate that he was improperly characterized as a career offender and this impacted the length of his sentence. *Id.* Magistrate Judge Edward Atkins construed Mr. Fowler's Motion Seeking Plain Error Review as a Motion to Vacate under § 2255 and directed the Clerk to mail Mr. Fowler an AO Form 243, which is the necessary form to file a § 2255 motion. [R. 198.] Mr. Fowler filed a Motion to Vacate on March 15, requesting relief on the single ground that his sentence had been enhanced because of his designation as a "Career Criminal" based on the application of §4B1.1 of the sentencing guidelines. [R. 199.] Mr. Fowler argues that the crime of conspiracy to distribute now fails to qualify as a predicate act constituting career criminal designation under *Alston* and *Vasquez Cavazos*. *Id.*

On March 15, the day Mr. Fowler filed his § 2255 motion, the case was reassigned from Judge Atkins to Judge Candace Smith. [R. 200.] On May 10, Judge Smith recommended that Mr. Fowler's motions be denied and that Mr. Fowler be denied a certificate of appealability. [R. 201.] Judge Smith also included language in her recommendation specifying that Mr. Fowler had two weeks from receiving the Report and Recommendation to file written objections. *Id.* at 6. Mr. Fowler did not file any written objections to Judge Smith's Report and Recommendation, but on May 27, Mr. Fowler did file a Second Motion Seeking Plain Error Review of the Application of the U.S.S.G. §4B1.1 "Career Criminal" Enhancement to his sentence. [R. 202.] Mr. Fowler changed course four days later, however, by filing a Motion to Withdraw his § 2255

motion and latest motion seeking plain error review.[1] [R. 203.] In the motion to withdraw, Mr. Fowler also requests the right to "resubmit these motions for consideration at a later date." *Id.* The matter is now ripe for the Court's review.

## II

### A

In her recommended disposition, Judge Smith carefully and thoroughly analyzes the arguments and the record and concludes that Mr. Fowler's motions should be denied. The primary issue here is how late Mr. Fowler filed his § 2255 motion. Section 2255 specifies that a federal prisoner has one year from the one of the following dates to file a § 2255 motion:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Here, the only relevant subsection is "the date on which the judgment of conviction becomes final," which in this case, as Judge Smith described, was May 4, 2010. [*Id.*; R. 201 at 3.] Mr. Fowler's one-year statute of limitations period therefore expired in May of 2011, which is nearly a decade before Mr. Fowler actually filed his § 2255 motion. Therefore, Mr. Fowler's request for relief is time-barred.

---

[1] The motion to withdraw did not specify whether Mr. Fowler was also seeking to withdraw his initial motion seeking plain error review. However, this fact does not alter the Court's analysis or the ultimate outcome because the Court adopts Judge Smith's Report and Recommendation denying Mr. Fowler's initial motion seeking plain error review.

Recognizing that his request may be time barred, Mr. Fowler attempts to argue that his motion is timely based on *Alston* and *Vasquez Cavazos*. This may be an attempt by Mr. Fowler to argue that his motion is being made pursuant to § 2255(f)(3), which states that a limitations period should run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, Mr. Fowler has not argued that *Alston* or *Vasquez Cavazos* are retroactively applicable to cases on collateral review. Furthermore, as Judge Smith points out, this argument is ultimately untenable because Mr. Fowler relies on two Sixth Circuit opinions as opposed to any Supreme Court opinions, which makes § 2255(f)(3) inapplicable. [R. 201 at 3.]

Mr. Fowler tried to clarify in his second plain error review motion that this motion was separate and distinct from his § 2255 motion. [R. 202 at 1.] However, even if the Court analyzes Mr. Fowler's plain error review motions separately from the § 2255 motion, they would still fail. Mr. Fowler states in his second plain error review motion that he is seeking plain error review pursuant to Federal Rule of Criminal Procedure 52(b). *Id.* However, a motion filed pursuant to Rule 52(b) must be filed "no later than 28 days after the entry of judgment," which is not the case here, and Mr. Fowler's plain error review motions therefore fail as untimely.

**B**

In the alternative, Mr. Fowler requests that the Court appoint counsel to assist him in further developing his arguments. [R. 199-1.] However, as Judge Smith states in her recommended disposition, counsel is rarely appointed to represent a defendant in post-conviction collateral proceedings. [R. 201 at 4.] Section 3006A(a)(2)(B) of the Criminal Justice Act, which governs the appointment of counsel in the § 2255 context, provides, "[w]henever the United

4

States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section ... 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). The language of the statute is permissive, which means there is no constitutional right to counsel in a post-conviction collateral proceeding. *See Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752–53 (1991)). Here, Mr. Fowler has not demonstrated that the interests of justice would be furthered by the appointment of counsel. Furthermore, the appointment of counsel would not alter the legal analysis above demonstrating the time-barred nature of Mr. Fowler's § 2255 motion, and the Court therefore denies Mr. Fowler's request for counsel.

## C

Judge Smith also recommends that Mr. Fowler's certificate of appealability be denied. [R. 201 at 5.] Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue if Mr. Fowler makes a substantial showing of the denial of a constitutional right. The Supreme Court has clearly explained the requirements associated with a "substantial showing of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows at least, that jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

Given that Mr. Fowler's § 2255 petition was filed nearly a decade after the statute of limitations had expired, this Court agrees with Judge Smith that reasonable jurists would not

5

debate denying Mr. Fowler's § 2255 petition or conclude that the issues presented therein should proceed further. [R. 201 at 5.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 6; *see* 28 U.S.C. § 636(b)(1). Mr. Fowler has not filed any objections to Judge Smith's Report and Recommendation.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Smith's recommended disposition.

**D**

As a final matter, after the entry of Judge Smith's recommended disposition, Mr. Fowler filed a Motion to Withdraw his § 2255 motion and second motion seeking plain error review with the hopes of resubmitting his motions at a later date. [R. 203.] This looks like an attempt on Mr. Fowler's part to take another bite out of the apple—since it appears his motions would be denied given Judge Smith's recommended disposition, Mr. Fowler seems to be attempting to withdraw his motions before this Court has ruled on them so that he may refile his motions at a later date.

However, "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Arrick v. United States*, 2016 WL 5858945, at *2 (S.D. Ohio, Oct. 7, 2016) (quoting *Felder v. McVicar*, 113 F. 3d 696, 698 (7th Cir. 1997)); *see also Hurd v. Mondragon*, 851 F.2d 324, 329 (10th Cir. 1988) (affirming district court's denial of a motion to withdraw without prejudice filed after magistrate judge had filed his recommended disposition). Therefore, Mr. Fowler's motion to withdraw will be denied.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 201]** as to Defendant Jason Fowler is **ADOPTED** as and for the opinion of the Court;

2. Mr. Fowler's Motion Seeking Plain Error Review **[R. 197]** is **DENIED WITH PREJUDICE**;

3. Mr. Fowler's § 2255 motion **[R. 199]** is **DENIED WITH PREJUDICE**;

4. Mr. Fowler's Second Motion Seeking Plain Error Review **[R. 202]** is **DENIED WITH PREJUDICE**;

5. Mr. Fowler's Motion to Withdraw Pro Se Motions **[R. 203]** is **DENIED**;

6. A Certificate of Appealability as to all issues raised by Mr. Fowler is **DENIED**;

7. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith; and

8. Mr. Fowler's collateral proceeding is **DISMISSED AND STRICKEN** from the active docket.

This the 28th day of June, 2021.

Gregory F. Van Tatenhove
United States District Judge