UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Crim. No. 7:07-cr-00014-GFVT-CJS-3 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JASON FOWLER, ) | **ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on Defendant Fowler's Motion for Reconsideration pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 221.] Because he fails to demonstrate extraordinary and compelling circumstances, his Request for Compassionate Release is **DENIED**.

**I**

Following a jury trial, Defendant Fowler was convicted of aggravated assault and possession of a weapon by a federal prisoner. [R. 156.] On April 30, 2008, he was sentenced to 120 months and 60 months of incarceration (to be served concurrently) followed by 3 years of supervision. *Id.* His term of imprisonment was to run consecutive to his pre-existing federal sentence. *Id.* Fowler now seeks release, citing purported changes in the law and rehabilitative efforts. [R. 216; R. 221.]

**II**

**A**

First, the Court addresses the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for a sentence reduction, whereas

previously only the Bureau of Prisons could do so.  Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194.  But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("[D]efendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

Mr. Fowler submitted a request for compassionate release to the Warden at FCI Miami on October 30, 2023.  [R. 221-1.]  The Warden denied his request in January 2024 (more than 30 days after he submitted the request).  [R. 221-2.]  The Court denied Fowler's initial Motion for Compassionate Release without prejudice because he merely submitted the Warden's January 2024 denial (without demonstrating proof of administrative exhaustion or the passage of 30 days).  [R. 219.]  Now, however, he has provided a copy of his compassionate release request.  This additional documentation clarifies that thirty days lapsed after his October 2023 request.  And the Court sees no authority to suggest that a denial issued after the expiration of 30 days would vitiate the prisoner's ability to file based on the lapse of 30 days.  Accordingly, the Court agrees with Mr. Fowler that he has exhausted his administrative remedies.

**B**

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory."  *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).  At the Court's discretion, § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing

2

Commission policy statements; and (3) a finding that applicable 18 U.S.C. § 3553(a) factors support release. On November 1, 2023, the Sentencing Commission policy statements were updated to apply to prisoner filed motions. As such, district courts analyzing motions filed by prisoners after November 1, 2023, consider U.S.S.G. § 1B1.13 in their analysis. *United States v. Whitworth*, No. 1:23-cr-561-4, 2023 WL 8190131, at *2 (N.D. Ohio Nov. 27, 2023) ("A new United States Sentencing Commission policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates after November 1, 2023."); *United States v. Harris*, No. 23-5187, 2023 WL 10294625, at *2 (6th Cir. Dec. 4, 2023) (considering the updated policy statements). Accordingly, the Court considers the updated policy statements in its analysis.

1

The Court begins with the purportedly extraordinary and compelling circumstances. Mr. Fowler contends that, if he were sentenced today, he would no longer qualify as a Career Offender. [R. 216 at 6.] In support of this conclusion, he cites what he characterizes as a prohibition on the use of inchoate crimes in the calculation of Career Offender enhancements. *Id.* He further asserts that his qualifying prior convictions "happened in one criminal episode, one occasion, one plan or scheme" and therefore cannot justify the enhancement. *Id.* at 7. The Court will reject both of these arguments.

Though the Motion is not entirely clear, the Court will liberally construe Fowler to be making an argument for release pursuant to the "unusually long sentence" portion of the Guidelines. *See* U.S.S.G. § 1B1.13(b)(6); *see also* § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."). Updated policy

3

statements from the Sentencing Commission address unusually long sentences in the context of compassionate release:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

As a threshold issue, the weight of § 1B1.13(b)(6) is somewhat unclear. Here's why: in 2022, the Sixth Circuit determined that "[n]onretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 2506 (2023). Then, in 2023, the Sentencing Commission updated § 1B1.13(b) to include "unusually long sentence[s]" as a basis for relief. § 1B1.13(b)(6) leaves open the possibility that non-retroactive changes in the law could support a court's decision to grant compassionate release. As a result, "[t]here is currently a debate among jurists as to whether the Sentencing Commission exceeded its authority by adopting § 1B1.13(b)(6) and whether such an amendment supersedes binding prior case law." *United States v. Sanders*, No. 5:14-CR-7-3, 2024 WL 1530946, at *3 (N.D. Ohio Apr. 9, 2024); *see United States v. Maxie*, No. 5:14-CR-4-BJB-2, 2024 WL 2046048, at *4 n.4 (W.D. Ky. May 8, 2024) ("At least one district judge in this circuit [] concluded that this aspect of the Commission's policy statement is nullified by binding circuit precedent[.]" (citing *United States v. Wilson*, No. 1:92-cr-138, 2024 WL 1556313, at *8 (N.D. Ohio April 10, 2024))); *United States v. McHenry*, No. 1:93 CR 84, 2024 WL 1363448, at *7 (N.D. Ohio Mar. 29, 2024) ("Because the Commission's inclusion of non-retroactive changes

4

in the law conflicts with the *McCall* holding, this Court is required to treat the agency's interpretation as invalid."); *but see United States v. Brown*, No. 2:95-CR-66(2), 2024 WL 409062, at *6 (S.D. Ohio Feb. 2, 2024) ("[*McCall*] explicitly left open the possibility that the Commission might promulgate a contradictory policy statement.  Now, Congress's unambiguous directive explicitly instructs courts to ensure that their reduction analysis complies with § 1B1.13."); *United States v. Bricker*, No. 1:05 CR 113, 2024 WL 934858, at *2 (N.D. Ohio Mar. 5, 2024) ("The Government has urged this Court to disregard the Sentencing Commission's Guideline and to follow *McCall*, but this Court is not inclined to do so. . . . *McCall* was issued in the absence of an applicable policy statement, and explicitly left open the possibility that a provision such as § 1B1.13(b)(6) could abrogate its holding."); *see also United States v. Mann*, No. 6:04-031-DCR-1, 2024 WL 666324, at *4–5 (E.D. Ky. Feb. 16, 2024).

Although this issue "presents an interesting legal question, the Court will not attempt to resolve it [today.]"  *United States v. Nelson*, No. 1:08-CR-068, 2024 WL 2050273, at *4 (S.D. Ohio May 8, 2024).  "[Mr. Fowler] is not eligible for relief even assuming the policy statement in § 1B1.13(b)(6) is valid." *Id.*

### a

First, Mr. Fowler's conspiracy conviction would not preclude the Career Offender Enhancement today.  Mr. Fowler appropriately notes that, in 2020, the Sixth Circuit held that conspiracy crimes are not "controlled substance offense[s]" for the purposes of the Enhancement. *United States v. Butler*, 812 F. App'x 311, 314–15 (6th Cir. 2020); *see also United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc); *Sanders*, 2024 WL 1530946, at *2 ("[Defendant], who was sentenced before the decisions in *Havis* and *Butler*, was deemed a career offender in part based on the instant drug conspiracy conviction, which would no longer qualify as a

controlled substance offense under § 4B1.1."). But in 2023, "Amendment 822 to the Sentencing Guidelines changed the definition of 'controlled substance offense' to specifically include conspiracy crimes[.]" *Nelson*, 2024 WL 2050273, at *5. Thus, although Fowler's Enhancement may have been foreclosed by Sixth Circuit precedent previously, "conspiracy offenses [now] qualify as controlled substance offenses" within the meaning of the Enhancement. *Id.*; *see also United States v. Shakir*, No. CR 5:16-091-DCR, 2024 WL 4201061, at *2 (E.D. Ky. Sept. 16, 2024), *reconsideration denied*, No. CR 5:16-091-DCR, 2024 WL 4308431 (E.D. Ky. Sept. 26, 2024) ("[T]he 2023 guidelines remedied the drafting issue identified in *Havis* such that the guidelines text now specifies that 'controlled substance offense' include[s] the offenses of aiding and abetting, attempting to commit, or conspiring to commit any such offense."). "Accordingly, this is not the type of change in the law that would warrant a sentence reduction under § 1B1.13(b)(6)." *Id.*

**b**

Second, Fowler asserts that a temporally close relationship between his predicate convictions would now foreclose application of the Career Offender enhancement. [R. 216 at 6–7.] Specifically, he states that "only one prior conviction can be used as a predicate offense for any enhancement because not only are these prior convictions consolidated but all happened in one criminal episode, one occasion, one plan or scheme." *Id.*; *cf. Wooden v. United States*, 595 U.S. 360, 376 (2022).

Again, this argument is unavailing. The two prior convictions supporting Mr. Fowler's enhancement were conspiracy to distribute methamphetamine and aiding voluntary manslaughter. [R. 213.] His Presentence Report reveals that these convictions stemmed from two entirely separate incidents occurring in different years and seemingly different states. *Id.* at

6

11, 12. Hence, despite the liberal construction afforded *pro se* litigants, this argument is a nonstarter.

**2**

Finally, Mr. Fowler cites his educational and rehabilitative efforts while incarcerated. Although the Court commends Mr. Fowler's progress, it may not grant compassionate release on this basis alone. *See United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) ("Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief."). Because Mr. Fowler has not provided any extraordinary and compelling reasons for release, the Court will deny the Motion without addressing the 18 U.S.C. § 3553(a) factors. Finally, to the extent Fowler's Motions [R. 221; R. 216] sought a sentence reduction under Amendment 821 to the Sentencing Guidelines, the Court has already denied that request by separate Order. [R. 222.]

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Fowler's Motion for Reconsideration as to Compassionate Release **[R. 221]** is **GRANTED IN PART AND DENIED IN PART;**

2. To the extent his Motion seeks reconsideration of the Court's previous Order based on administrative exhaustion, that request is **GRANTED;** and

3. To the extent his Motion seeks compassionate release from prison, that portion of the Motion is **DENIED.**

This the 21st day of October, 2024.

Gregory F. Van Tatenhove
United States District Judge

7